The facts sufficiently appear from the opinion of the court, per curiam, as follows:
Plaintiff instituted this suit by petition filed October 29, 1943, to recover $207.90 alleged to be due him by defendant. The facts alleged in the petition are as follows:
On January 8, 1935, the Treasurer of the United States issued Treasury check No. 9,505,866 payable to the order of plaintiff in the amount of $207.90, and signed by G. F. Allen, Chief Disbursing Officer of the defendant. Plaintiff has not received this check nor a duplicate thereof and he has not received the $207.90 represented by the check. Subsequent to January 8,1935, plaintiff has often requested the Comptroller General to issue a duplicate check.
On or about March 16, 1935, W. A. Wunsch, a cotton program agent in the employ of defendant, forged plaintiff’s name as the endorser of the check for $207.90 and, on the same day, delivered the check to Glenn O’Bannon, who, also on the same date, negotiated and cashed the check at the First National Bank at Artesia, New Mexico.
Defendant has filed a motion to dismiss the petition on the ground that the facts alleged in the petition show that the cause of action is barred by the statute of limitation of six years.
From the facts alleged in the petition and admitted for the purpose of the motion to dismiss, it appears that plaintiff’s claims and cause of action in this court could not have accrued later than March 16, 1935, and under the provisions of section 156 of the Judicial Code, section 262, U. S. Code, Title 28, became barred six years thereafter, or on March 16, 1941. It is not necessary to decide whether the claim accrued on or before January 8, 1935. Inasmuch as suit was not instituted by the filing of a petition in this court until October 29, 1943, we are without jurisdiction to hear and determine the claim. United States v. Wardell, 172 U. S. 48; Hendricks v. United States, 81 C. Cls. 609. The petition must therefore be dismissed for want of jurisdiction. It is so ordered.